UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRANDON E. O'NEAL, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 4:23-cv-4777 |
| VS. § | |
| § | |
| CITY OF HOUSTON *et al*, § | |
| § | |
| Defendants. § | |

### MEMORANDUM & ORDER

Before the Court is Defendant Richard Raymond Ponce II's Motion to Dismiss. ECF No. 21. For the reasons that follow, the Court **GRANTS** the Motion.

### I.   BACKGROUND[1]

#### A. Factual Background

Plaintiff Brandon E. O'Neal is a 38-year-old African American man and a devout non-denominational Christian. ECF No. 17 at ¶ 9. He has been employed as a firefighter with the Houston Fire Department ("HFD") since 2007. *Id.* at ¶ 8. HFD requires firefighters to be cleanshaven unless it grants an accommodation. *Id.* at ¶ 9. On August 4, 2022, O'Neal requested an accommodation that would allow him to grow out his facial hair, based on his "deeply and sincerely held religious belief based on biblical interpretation that proper observance of his faith

---

[1] At this stage, the Court accepts the well-pleaded facts alleged in O'Neal's complaint as true and views them in the light most favorable to him. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

entails wearing facial hair." *Id.* at ¶ 10. On October 18, 2023, HFD denied O'Neal's request, ordered him to shave, and threatened him with disciplinary action—including indefinite suspension—if he did not comply with the order. *Id.* at ¶ 12. O'Neal alleges that "[u]pon information and belief, the order was retaliatory in nature." *Id.*

On January 18, 2023, O'Neal filed a charge of discrimination against the City of Houston with the Equal Employment Opportunity Commission ("EEOC"), alleging religious discrimination and retaliation. *Id.* at ¶ 15. HFD subsequently ordered him to shave a second time and again threatened him with disciplinary action if he did not comply. *Id.* Based on his religious beliefs, O'Neal refused to shave. *Id.* at ¶ 16. He was then reprimanded on February 8, 2023, and suspended for two shifts (for a total of 24 hours) in September 2023. *Id.* at ¶ 17. O'Neal appealed the suspension. *Id.*

After serving his suspension, O'Neal was required to meet with HFD Chaplain Richard Raymond Ponce II. *Id.* at ¶ 18. Following the meeting, Ponce wrote a memorandum to Fire Chief Samuel Peña describing O'Neal's religious beliefs as "insincere." *Id.* O'Neal believes that Ponce's memorandum formed the basis of HFD's denial of his accommodation request. *Id.* O'Neal later asked Ponce to retract the statements in his "defamatory letter to Chief Peña," but Ponce declined to do so. *Id.* at ¶ 23.

On September 29, 2023, the EEOC concluded its investigation and issued a right to sue letter. *Id.* at ¶ 21. On October 11, 2023, O'Neal's appeal of his suspension was successful. *Id.* at ¶ 22. Still, O'Neal alleges that HFD continues to threaten him with disciplinary action— including termination—if he does not shave his facial hair. *Id.* at ¶ 24.

2

### B. Procedural Background

On December 21, 2023, O'Neal, proceeding *pro se*, filed suit in this Court against Defendants City of Houston, HFD, and Fire Chief Samuel Peña. ECF No. 1. His Original Complaint alleged that Defendants violated (1) Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-2000e-17, based on failure to accommodate his religion and retaliation; and (2) the Texas Civil Practice and Remedies Code § 73.001, based on alleged libel. *Id.* Later, O'Neal retained counsel and agreed to dismiss all claims against HFD and Peña. ECF Nos. 13, 14.

On May 15, 2024, O'Neal filed his FAC. ECF No. 17. The FAC adds Ponce as a Defendant and asserts state libel and defamation claims against him. ECF No. 17 at ¶¶ 28–32. On June 14, 2024, Ponce filed a Motion to Dismiss all claims against him. ECF No. 21.[2]

## II.   LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[2] Ponce asks the Court to dismiss any Title VII claims brought against him individually, to the extent they are raised. The Court does not read Plaintiff's FAC to state any Title VII claims against Ponce and Plaintiff has confirmed as much in his response. Accordingly, the Court need not address Ponce's Title VII arguments.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). That said, a complainant must plead "enough facts to state a claim of relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This must be more than "[a]n unadorned, the-defendant-unlawfully-harmed-me accusation" or "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While the court must accept well-pleaded facts as true, legal conclusions are not entitled to the same assumption of truth. *Id.* The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

### III. ANALYSIS

Ponce urges dismissal of Plaintiff's libel claims against him on two independent grounds. First, Ponce argues that the state tort claims against him are barred under the Texas Tort Claims Act's ("TTCA") election-of-remedies provision. Second, he argues that he is entitled to official immunity pursuant to section 101.106(f) of the TTCA. The Court finds the second argument persuasive, and, as such, need not address the first.

Section 101.106(f) of the TTCA provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.

4

TEX. CIV. PRAC. & REM. CODE § 101.106(f). The Act ensures that plaintiffs "pursue lawsuits against governmental units rather than their employees." *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 352 (Tex. 2013). "A defendant is entitled to dismissal under section 101.106(f) upon proof that the plaintiff's suit (1) was based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the government unit under the Tort Claims Act." *Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. App. 2011).

### A. Whether claims are based on conduct within the scope of employment

The first requirement "encompasses two inquiries: whether the individual defendant was an employee of a governmental unit and whether the acts alleged fall within the scope of that employment at the relevant time." *Id.* Here, the parties do not dispute that Ponce is an employee of the City of Houston. They do dispute whether Ponce acted within the scope of his employment when he engaged in the allegedly libelous acts.

The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE § 101.001(5). Plaintiff's libel claim against Ponce is based upon the following allegations:

> After serving [his] suspension, Capt. O'Neal was ordered to meet with CH Ponce. After meeting with Capt. O'Neal, CH Ponce wrote a memorandum to Chief Peña defaming Capt. O'Neal and describing his religious beliefs as "insincere." Upon information and belief, CH Ponce's memo to Chief Peña formed a basis for Chief Peña's decision not to allow a reasonable accommodation for Capt. O'Neal's religious beliefs.

ECF No. 17 at ¶ 18. Plaintiff does not—and cannot—argue that drafting the memorandum at Chief Peña's direction was outside the scope of Ponce's role as HFP Chaplain. Instead, he argues that Ponce's "choice to libel Capt. O'Neal in the memorandum," i.e., the choice to label

5

O'Neal's beliefs as "insincere" in the memorandum, was outside of the scope of his employment. ECF No. 27 at 6. Plaintiff's argument misses the mark. Ponce's "ulterior motives or personal animus is irrelevant so long as a connection exists between the employee's lawful job duties and the alleged misconduct." *Gonzalez v. Trevino*, No. 5:20-CV-52, 2021 WL 7184963, at *8 (S.D. Tex. Nov. 12, 2021), *report and recommendation adopted in part sub nom. Gonzalez v. Webb Cnty.*, No. 5:20-CV-52, 2022 WL 190709 (S.D. Tex. Jan. 21, 2022); *Wilkerson v. Univ. of N. Texas By & Through Bd. of Regents*, 878 F.3d 147, 160 (5th Cir. 2017); *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017) (collecting cases). Here, there is plainly a connection between Ponce's duties (drafting a memorandum on O'Neal's religious beliefs) and the alleged misconduct (including allegedly libelous statements in the memorandum). Thus, Ponce acted within the scope of his employment when he committed the allegedly tortious acts.

### B. Whether claims could have been brought against the government

The Court next turns to the question of whether O'Neal's claims could have been brought against a government unit under the TTCA. The Texas Supreme Court has held that "any tort claim" could have been brought under the TTCA for purposes of § 101.106(f), "even if the Act does not waive immunity." *Franka v. Velasquez*, 332 S.W.3d 367, 375 (Tex. 2011). Courts in this district have explicitly found that defamation claims "could have been brought under the TTCA" against a governmental unit, for purposes of § 101.106(f). *Gonzalez*, 2021 WL 7184963, at *8. Plaintiff's claims against Ponce are state tort claims, and, accordingly, could have been brought against the City of Houston for purposes of § 101.106(f). Thus, § 101.106(f) requires dismissal of Plaintiff's claims against Ponce.

## IV.    CONCLUSION

For the forgoing reasons, the Court **GRANTS** Defendant's Motion (ECF No. 21). Plaintiff's claims against Ponce are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 8th day of August, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE